J-S34038-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANTHONY DANTE ROTHWELL, | |
| Appellant | No. 94 EDA 2016 |

Appeal from the Judgment of Sentence December 4, 2015
in the Court of Common Pleas of Montgomery County
Criminal Division at No.: CP-46-CR-0001691-2014

BEFORE:  BOWES, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                     **FILED MAY 26, 2017**

Appellant, Anthony Dante Rothwell, appeals from the judgment of sentence imposed following his jury conviction of criminal attempt-aggravated indecent assault, indecent assault without consent, and indecent assault-forcible compulsion.[1]  We affirm.

We take the following from our independent review of the certified record and the trial court's March 21, 2016 opinion.  On October 2, 2014, the Complainant was working at the Salvation Army in Norristown, Montgomery County, in her position as an administrative assistant. Appellant was at the Salvation Army performing repair work on behalf of his

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 901(a), 3126(a)(1), and 3126(a)(2), respectively.

employer, Duling Construction. Appellant approached the Complainant in her office, under the guise of seeking rental assistance for his girlfriend, closed the office door, and cornered her so that she was unable to leave. During the encounter, Appellant exposed his erect penis, grabbed at the Complainant's breasts and buttocks, and digitally penetrated her vagina through her clothing.

While in the office, Appellant observed a post-it note with the Complainant's recently obtained cell phone number on it. The Complainant did not respond when he asked her if it was her number. Ultimately, Appellant left the office. The next day, the Complainant reported the incident to the police at the urging of her friend, P.P.

On February 6, 2015, the jury convicted Appellant of the previously mentioned charges. On December 4, 2015, the trial court sentenced Appellant to a term of incarceration of not less than seven nor more than fifteen years. Appellant timely appealed.[2]

Appellant raises two questions for this Court's review:

1.    Did the court err in allowing into evidence hearsay testimony from a Commonwealth witness who identified the

_____

[2] On January 4, 2016, the trial court ordered Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). Trial counsel failed to file the ordered Rule 1925(b) statement. On February 29, 2016, this Court granted appellate counsel's motion to remand to allow him the opportunity to file a statement on Appellant's behalf. Appellate counsel filed a timely Rule 1925(b) statement on March 2, 2016. The trial court filed an opinion on March 21, 2016. *See* Pa.R.A.P. 1925(a).

Appellant, through a text message, without any foundation other than information received from the Complainant[?]

2.    Did the court err in allowing Detective [James] Angelucci to testify with regard to unauthenticated employment records pursuant to rules governing self[-]authentication Pa.R.E. 902(11) to prove the origin of the text messages where the Commonwealth failed to give the Appellant reasonable written notice of the intent to offer the record and thereafter failed to make the certification available for inspection[?]

(Appellant's Brief, at 7) (unnecessary capitalization omitted).

Our standard of review for Appellant's claims regarding the admissibility of evidence is well-settled:

The admission of evidence is solely within the discretion of the trial court, and a trial court's evidentiary rulings will be reversed on appeal only upon an abuse of that discretion. An abuse of discretion will not be found based on a mere error of judgment, but rather occurs where the court has reached a conclusion that overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Witmayer*, 144 A.3d 939, 949 (Pa. Super. 2016) (citation omitted).

Here, in his first issue, Appellant claims that the trial court erred in permitting the Commonwealth "to introduce the objectionable hearsay" through the allegedly speculative testimony of P.P. (Appellant's Brief, at 11). Specifically, Appellant argues, "the witness, without any basis or knowledge of who actually wrote the text makes this identification of the [A]ppellant a reality." (*Id.* at 13). This issue lacks merit.

- 3 -

Pursuant to Pennsylvania Rule of Evidence 602, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony." Pa.R.E. 602. Also, it has long been the law in this Commonwealth that "[h]earsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." *Commonwealth v. McCrae*, 832 A.2d 1026, 1034 (Pa. 2003), *cert. denied*, 543 U.S. 822 (2004) (citing Pa.R.E. 801(c)). "Communications that are not assertions are not hearsay. These would include questions[.]" Pa.R.E. 801, *Comment*. In addition, "out-of-court statements may be admissible because they are non-hearsay, in which case they are admissible for some relevant purpose other than to prove the truth of the matter asserted." *Commonwealth v. Washington*, 63 A.3d 797, 805 (Pa. Super. 2013) (citations omitted).

In this case, Appellant challenges the following exchange:

[Witness]: All right. [Complainant's] phone was beeping and I recognized it was beeping. I told her, I said, "You're getting messages on that phone." So she looked at it and . . . I said, "Give it here, because you don't even know how to work it." I start opening it up and I was reading it, and I'm like, "Who is this?" I said, "The boy got your number? How he get your number?"

[Defense counsel]: Objection; speculation.

THE COURT: The objection is overruled.

[The Commonwealth]: You can continue.

[Witness]: So I said, "Let me save all this, because we're going to give this to the cops too, because this is like proof something happened to you," you know what I mean.

[Defense counsel]: Objection; speculation.

THE COURT: Sustained.

(N.T. Trial, 2/05/15, at 121-22); (**see also** Appellant's Brief, at 11-12).

After our independent review, we agree with the trial court's finding that P.P.'s testimony was not speculative because she was recounting her own interaction with the Complainant at the time she read the text messages. (**See** Trial Court Opinion, 3/21/16, at 14); **see also** Pa.R.E. 602. Moreover, P.P.'s testimony about what **she asked** the Complainant could not have been hearsay, by definition, because it was a question and she was the inquirer. **See McCrae**, **supra** at 1034; Pa.R.E. 801(c); Pa.R.E. 801, *Comment*. Additionally, the testimony was introduced, not for the truth of the matter asserted, but to assist in creating a complete story about why the police officers took their investigation into the direction that they did. **See Washington**, **supra** at 805. Finally, to the extent that Appellant argues that P.P.'s testimony resulted in the admission of hearsay text messages, the argument fails because P.P. did not even testify about their contents. (**See** Appellant's Brief, at 13) ("[A] strong argument is made that the text messages in the instant appeal are hearsay."); **see also McCrae**, **supra** at

1034.[3]  For all of these reasons, the trial court did not abuse its discretion in admitting P.P.'s testimony.  *See Witmayer*, *supra* at 949.  Appellant's first issue lacks merit.

In his second issue, Appellant maintains that the trial court erred in permitting Detective Angelucci to testify about his employment records where the requirements of Pennsylvania Rule of Evidence 902(11) were not met.[4]  (*See* Appellant's Brief, at 15-16).  Specifically, he claims that "the

---

[3] Appellant's reliance on *Commonwealth v. Koch*, 106 A.3d 705 (Pa. 2014), for the proposition that the text messages constituted hearsay, is misplaced.  (*See* Appellant's Brief, at 12-14).  First, *Koch* is not binding on this case because it is a plurality decision.  *See Commonwealth v. Mosley*, 114 A.3d 1072, 1082 n.11 (Pa. Super. 2015), *appeal denied*, 2017 WL 529978 (Pa. filed Feb. 9, 2017) ("When a judgment of sentence is affirmed by an equally divided court, as in the *Koch* case, no precedent is established and the holding is not binding on other cases.") (citation omitted).

Moreover, *Koch* does not support Appellant's argument where P.P. did not testify about the text of the messages.  In *Koch*, the Justices divided evenly on whether the messages were hearsay.  Those who concluded that they were **not** hearsay did so on the basis that they were not offered for the truth of the matter asserted.  *See Koch*, *supra* at 722.  The Justices who concluded that they **were** hearsay did so on the theory that "the messages were out-of-court statements that were relevant, and indeed proferred, for a purpose that depended upon the truth of their contents[.]"  *Id.* at 717.  Here, the objected-to testimony did not reference the messages' contents, and they were not proffered for the truth of the matter asserted.  Therefore, not only are we not bound by the holding of *Koch*, the case is distinguishable.

[4] Pursuant to Pennsylvania Rule of Evidence 902(11):

> **Certified Domestic Records of a Regularly Conducted Activity.** The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a

*(Footnote Continued Next Page)*

Commonwealth failed to give [him] reasonable written notice of the intent to offer the record and thereafter failed to make the record and certification available for inspection[.]" (*Id.* at 15) (unnecessary capitalization omitted). This issue is waived.

> It is well-settled that:
>
> [I]n order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived. . . . [T]he intermediate appellate courts do not have the discretion to countenance deviations from the Rule's requirements[.] . . .

*Commonwealth v. Hill*, 16 A.3d 484, 492 (Pa. 2011) (citations and quotation marks omitted).

Here, Appellant's Rule 1925(b) statement does not raise any issue about Pennsylvania Rule of Evidence 902(11) or the Commonwealth's alleged failure to give him notice or the opportunity to inspect the employment records and certification. (*See* Appellant's Concise Statement, 3/02/16, at unnumbered page 2 ¶ 3). Instead, the statement merely asserts that "[t]he trial court erred in accepting the testimony of a police

*(Footnote Continued)* _____

> certification of the custodian or another qualified person that complies with Pa.R.C.P. No. 76. Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record—and must make the record and certification available for inspection—so that the party has a fair opportunity to challenge them.

Pa.R.E. 902(11).

office [sic] as to alleged unauthenticated employment records as proof that [A]ppellant sent a text message to the [C]omplainant." (*Id.*). Therefore, Appellant's issue is waived.

We are cognizant that "[e]ach error identified in the Statement will be deemed to include every subsidiary issue contained therein **which was raised in the trial court**[.]" Pa.R.A.P. 1925(b)(4)(v) (emphasis added). However, even if we were to interpret the issue in Appellant's brief as somehow falling within the purview of the claim he raised in his Rule 1925(b) statement, our review confirms the Commonwealth's observation that Appellant failed to raise this allegation in the trial court. (**See** Commonwealth's Brief, at 12; **see also** N.T. Trial, 2/05/15, at 129-31). Therefore, we deem Appellant's second issue waived for our review. **See Hill**, **supra** at 492.[5]

Judgment of sentence affirmed.

_____

[5] We also observe that, in contravention of Pennsylvania Rule of Appellate Procedure 2119, Appellant fails to provide pertinent law or discussion of this issue, or any citation to the certified record. (**See** Appellant's Brief, at 15-16); **see also** Pa.R.A.P. 2119(a)-(c), (e). Instead, he quotes Pennsylvania Rule of Evidence 902(11) and concludes that the Commonwealth violated it, and that, therefore, the trial court erred in admitting the evidence. (**See** Appellant's Brief, at 15-16). This does not satisfy Appellant's burden, and hence, we deem his second issue waived on this basis, as well. **See Commonwealth v. Murchinson**, 899 A.2d 1159, 1162 (Pa. Super. 2006) (finding claim waived where appellant provided only boilerplate law and conclusion); **see also** Pa.R.A.P. 2101, 2119(a)-(c), (e).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/26/2017