J-S21013-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MATTHEW COLOPY | : | |
| | : | |
| Appellant | : | No. 958 WDA 2017 |

Appeal from the Judgment of Sentence June 13, 2017
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0002075-2015

BEFORE:  OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED JUNE 11, 2018**

Appellant, Matthew Colopy, appeals from the judgment of sentence entered on June 13, 2017, following his jury trial convictions for simple assault and criminal mischief and his bench trial summary conviction of harassment.[1] We affirm.

We briefly summarize the facts of this case as follows. On January 29, 2015, police responded to a telephone call regarding an altercation in a Salvation Army parking lot in Blair County. Appellant and another man got into a dispute over the parking of their vehicles. As the other man attempted to take a photograph of Appellant's vehicle and license plate, Appellant struck him multiple times in the head with a shopping bag containing, *inter alia*, a glass Pyrex dish. The victim called for help, was able to subdue Appellant

_____

[1]  18 Pa.C.S.A. §§ 2701, 3304, and 2709, respectively.

momentarily, but when a bystander told the men to "break it up," Appellant

got into his truck and drove away.

Procedurally, the case progressed, in pertinent part, as follows:

[Appellant] was charged [] on [] February 11, 2015 with [] aggravated assault, simple assault, criminal mischief, disorderly conduct, and harassment.

\* \* \*

Relevant to this appeal, [Appellant] filed a petition for evaluation on September 12, 2016. In the petition for evaluation, [Appellant's] counsel assert[ed] that [Appellant] suffers from post-traumatic stress disorder [(PTSD)] and other mental illnesses. As a result, [Appellant] requested an opportunity to undergo a mental health evaluation to determine if he was able to stand trial and whether or not any defenses were available to [Appellant] as a result of his condition. [… The trial court] granted [Appellant's] petition for evaluation on September 21, 2016. The Commonwealth had filed a motion *in limine*/motion to exclude [the] report and testimony of Millie Baker, LCSW and Dr. Richard Petroski around the same time as [Appellant's] filing of his petition for evaluation.

The [trial] court heard testimony on the Commonwealth's motion *in limine* on December 6, 2016. At the December 6, 2016 hearing, defense counsel [argued] that [] the testimony of Millie Baker and Dr. Petroski [explained] why [Appellant] left the scene of the crime [in anticipation of] a proposed instruction [on] flight [] by the Commonwealth. Defense counsel specifically indicated that he did not believe that the testimony was relevant for any other purpose. After the proceeding on December 6, 2016, the [trial] court took the matter under advisement [and] issued an order [deferring its decision until trial]. Despite the [trial] court's deferral, the [trial] court provided guidance to counsel [] that the proffered testimony was likely not relevant on the issue of self-defense, but likely would be admissible on the issue of flight. […T]he order[, however,] made clear that [the trial court's] decision [was] without prejudice to any arguments made by counsel once the evidence developed at trial.

- 2 -

This matter proceeded to [a jury] trial on December 12, 2016. The trial concluded on December 14, 2016. […T]he jury returned verdicts of guilty on the charges of simple assault and criminal mischief. [The trial] court also found [Appellant] guilty of [] harassment. The jury found [Appellant] not guilty on the charge of aggravated assault. The jury was unable to reach a verdict on the charge of disorderly conduct. After the jury was discharged, the Commonwealth indicated that [it] did not desire to move forward with a new trial on the charge of disorderly conduct. As a result, the [trial] court entered an order dismissing the disorderly conduct charge.

Eventually[,] a sentencing hearing occurred on June 13, 2017. After hearing extensive argument and testimony at the sentencing hearing, the [trial] court sentenced [Appellant] to four (4) months to twenty-three and a half (23 ½) months['] confinement. [The harassment conviction merged for sentencing purposes.] The [trial] court directed [Appellant] to serve the confinement on house arrest/electronic monitoring[, plus] a consecutive two (2) year period of probation[.]

\* \* \*

In [its] sentencing order[, the trial court] indicated that a hearing would occur on [] claims for restitution and [] directed the parties to submit their legal positions on these claims in writing.

Prior to [the] restitution hearing, [Appellant] filed a notice of appeal [from the judgment] of sentence on June 27, 2017. [The trial] court entered a [Pa.R.A.P.] 1925(b) order on June 28, 2017. [Appellant] filed a timely statement of [errors] complained of on appeal on July 7, 2017. Subsequent to the statement of [errors] complained of on appeal, [the trial] court forwarded [] correspondence to [this] Court [] requesting that the appeal be remanded so that the [trial] court could address the restitution claims that were previously left unresolved. [This Court] issued an order on August 18, 2017 which remanded the matter to the trial court to deal with the question of restitution. After receiving the legal positions of the parties, [the trial] court entered an order on September 7, 2017 addressing the claims of restitution. [The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on September 27, 2017.]

Trial Court Opinion, 9/27/2017, at 1-4 (superfluous capitalization omitted).

On appeal, Appellant presents the following issues[2] for our review:

I.      Whether or not the lower court erred by granting the Commonwealth's [m]otion to preclude expert testimony, that of Dr. Richard Petroski[3] and Millie Baker, in the matter concerning Appellant's [PTSD], relevant to flight and the defense of self[-]defense?

II.     Whether or not the verdict was against the weight of the evidence in light of the numerous discrepancies and inconsistencies between testimony from the Commonwealth witnesses?

Appellant's Brief at 5 (suggested answers omitted).

In his first issue, "Appellant avers that the [trial] court erred by precluding Millie Baker, a licensed clinical social worker, to testify as to her treatment of [] Appellant and that she treated him for [PTSD] and that these symptoms explain his actions in regards to self-defense." ***Id.*** at 21. Appellant argues that Baker opined that "based upon her conversations, training, education, and experience dealing with [] Appellant, [] Appellant would not have felt any danger until the victim got very close, then [] Appellant would have felt that he had no escape other than hitting him and

_____

[2]   For ease of discussion, we have changed the order of the issues presented by Appellant.

[3] Although Appellant avers in his statement of questions involved that the trial court precluded the expert testimony of Dr. Richard Petroski, he does not develop this aspect of his claim in the argument section of his appellate brief. As such, Appellant abandoned and, therefore, waived any appellate claim pertaining to Dr. Richard Petroski. ***See Commonwealth v. Bullock***, 948 A.2d 818, 823 (Pa. Super. 2008) (citation omitted) (holding an issue identified on appeal but not properly developed in an appellate brief is waived); ***see also*** Pa.R.A.P. 2119(a).

- 4 -

getting away." *Id.* at 24. Appellant "understands that Pennsylvania has not allowed a licensed clinical social worker to diagnose an individual with PTSD and testify as to same." *Id.* at 28. Nevertheless, Appellant contends the trial court should have permitted Baker "to testify as to her treatment and the symptoms exhibited by [] Appellant and whether or not his symptoms are similar to [others] suffering PTSD." *Id.* Appellant maintains that because Pennsylvania has a liberal standard for the qualification of experts, it was trial court error to preclude Baker as an expert witness in this case. *Id.* at 29-30.

If "scientific, technical or other specialized knowledge beyond that possessed by a layperson will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion or otherwise." Pa.R.E. 702. "Decisions regarding admission of expert testimony, like other evidentiary decisions, are within the sound discretion of the trial court. We may reverse only if we find an abuse of discretion or error of law." *Commonwealth v. Ventura*, 975 A.2d 1128, 1140 (Pa. Super. 2009) (internal citation omitted). "An abuse of discretion will not be found based on a mere error of judgment, but rather occurs where the court has reached a conclusion that overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." *Commonwealth v. Witmayer*, 144 A.3d 939, 949 (Pa. Super. 2016) (citation omitted).

In this case, the trial court determined:

The [trial] [c]ourt [] preclude[d] the testimony of Millie Baker from testifying at trial. The defense indicated that they desired to call Millie Baker to explain [Appellant's] conduct during the incident and why he felt threatened and why he would react the way he did during the incident with the alleged victim. Counsel for the defense asserted it was based on [Appellant's] diagnosis of [PTSD] that it would not be unusual that in certain circumstances he would feel threatened and fight back. Therefore, the [trial c]ourt assume[d] that the defense intended to present the testimony of Millie Baker in order to make an expert conclusion that [Appellant's PTSD] diagnosis would explain his reaction to the incident with the alleged victim. However, [the trial c]ourt concluded that Millie Baker did not have sufficient qualifications as an expert to make this conclusion.

*   *   *

Ms. Baker testified that she was a licensed clinical social worker and that she had a bachelor's degree in human services with a focus on counseling and also a master's degree in social work. She testified that she has a history of treating people with [PTSD]. Despite Ms. Baker's experience in treating people with [PTSD], she conceded during her testimony that a licensed clinical social worker is not currently permitted in Pennsylvania to make a diagnosis of [PTSD] and further that she has never been qualified as an expert in any causation issues pertaining to [PTSD]. Her previous testimony in court was limited to experience in counseling individuals with [PTSD]. [The trial c]ourt found her knowledge, skill, experience, training and education to be insufficient to testify […] on the ultimate issue of whether or not [Appellant's] belief as it pertained to self-defense would be reasonable or not.

*   *   *

Regarding the question of self-defense, [the trial c]ourt would have had to have made a determination as to whether or not the theory of self-defense as proffered by the defense was objectively reasonable. [The trial c]ourt note[s] that [it] did provide a jury instruction on the question of self-defense in light of [Appellant's] testimony [at trial]. Nonetheless, [the trial c]ourt did not reach these issues during the trial because [it] did not believe that Ms. Baker was qualified to testify as an expert for the reasons proffered by the defense.

Trial Court Opinion, 9/27/2017, at 9-12.

Upon review, we agree with the trial court's assessment and conclude it did not abuse its discretion in precluding Millie Baker from testifying at trial as an expert. While Baker counseled Appellant for PTSD, she lacked the qualifications for diagnosing[4] the disorder or explaining how Appellant's actions on the day in question were caused by or consistent with one suffering from PTSD. Testimony regarding Appellant's subsequent treatment would not have assisted the jury in understanding the evidence in this matter. Accordingly, we discern no abuse of discretion in precluding Baker from testifying as an expert.

Next, Appellant contends that, "the verdict was against the weight of the evidence in light of numerous contradictions between the Commonwealth's own witnesses." Appellant's Brief at 14. More specifically, Appellant claims that the victim's version of events was markedly different then a testifying bystander's account of the incident and that the verdict should shock the court's sense of justice. *Id.* at 19. He claims that, "the Commonwealth [witnesses] did not present a clear understanding of what took place [on the] day [in question]." *Id.* Appellant also points to alleged inconsistencies between the victim's version of events at the preliminary hearing and at trial. *Id.* at 16-18. Moreover, Appellant avers:

> [The victim and bystander] did not have any part of their stories
> straight in that the victim claims that he had [] Appellant in a

---

[4] Appellant concedes this point. *See* Appellant's Brief at 26.

headlock on the ground when [the bystander] showed up, whereas [the bystander] claims that [] Appellant had to be pulled off of the victim. More importantly, [the bystander] testified that both men were yelling at each other to the point that it drew his attention as he was walking to the store. The victim testified that he was not yelling, but only [] Appellant [was].

\* \* \*

[Appellant maintains that the evidence presented] also goes to support [] Appellant[']s claim of self[-]defense in that [the bystander] testified that both men were yelling at each other concerning the parking of [Appellant's] truck. [The victim] admit[ted] that one, he punched [Appellant] right between the eyes, and two, that when the [bystander] came upon the scene, [the victim] had [] Appellant on the ground in a headlock. From the testimony, it appears that [the victim] was the aggressor, or was just as aggressive, therefore, confirming the use of force by [] Appellant as self[-]defense.

*Id.* at 19-20.

Our standard of review is as follows:

The decision to grant or deny a motion for a new trial based upon a claim that the verdict is against the weight of the evidence is within the sound discretion of the trial court. Thus, the function of an appellate court on appeal is to review the trial court's exercise of discretion based upon a review of the record, rather than to consider *de novo* the underlying question of the weight of the evidence. An appellate court may not overturn the trial court's decision unless the trial court palpably abused its discretion in ruling on the weight claim. Further, in reviewing a challenge to the weight of the evidence, a verdict will be overturned only if it is so contrary to the evidence as to shock one's sense of justice.

A trial court's determination that a verdict was not against the interest of justice is one of the least assailable reasons for denying a new trial. A verdict is against the weight of the evidence where certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. We do not reach the underlying question of whether the verdict was, in fact, against the weight of the evidence.... Instead, this

Court determines whether the trial court abused its discretion in reaching whatever decision it made on the motion.

A challenge to the weight of the evidence must first be raised at the trial level (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion.

*Commonwealth v. Williams*, 176 A.3d 298, 312 (Pa. Super. 2017) (internal citations, quotations, and brackets omitted).

Finally, when challenging the weight of the evidence on appeal, an appellant must specifically identify "which verdict or verdicts were contrary to the weight of the evidence" in his concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) and "offer specific reasons as to why those verdicts were contrary to the weight of the evidence." *Commonwealth v. Freeman*, 128 A.3d 1231, 1248–49 (Pa. Super. 2015). A generic assertion that the verdict was against the weight of the evidence is too vague to allow the trial court to identify appellate issues and is the functional equivalent of not filing a Rule 1925(b) concise statement. *Id.*

Here, upon review of the record, Appellant filed a motion to reconsider his sentence on June 16, 2017. In that motion, Appellant asked the trial court to reconsider house arrest in favor of probation and to reduce his imposed fines. However, he did not raise a weight of the evidence claim. Upon further review, the docket does not reflect that Appellant filed any additional post-sentence motions. Moreover, upon review of the trial and sentencing transcripts, Appellant did not orally raise his weight of the evidence claim prior

to sentencing. Hence, we could find Appellant's weight of the evidence claim waived for these reasons.

In addition, however, the trial court determined that Appellant filed a Rule 1925(b) statement with a generic weight claim and found waiver. Trial Court Opinion, 9/27/2017, at 6. However, the trial court further opined:

> To the extent that [Appellant] ha[d] not waived his weight of the evidence claim, [the trial court] believe[d] that the record supports the conclusion that the verdicts were not against the weight of the evidence. This jury found [Appellant] guilty of simple assault and criminal mischief. [The trial court] believe[d] that the weight of the evidence supported the jury's verdict. The testimony at trial established that [Appellant] hit the victim in the head numerous times with a glass item. The injuries incurred by the victim were serious enough to support a finding that bodily injury occurred. The victim also had his glasses and cell phone damaged as a result of the assault by [Appellant].

*Id.*

Based upon our standard of review, we conclude that Appellant waived his weight of the evidence claim. However, we also discern no palpable abuse of discretion by the trial court in evaluating Appellant's weight of the evidence claim. Appellant does not challenge the evidence that he struck the victim over the head multiple times with a glass object. Instead, he challenges alleged evidentiary discrepancies regarding ancillary and, arguably, inconsequential facts that occurred before and after the actual assault. It is the responsibility of the factfinder to resolve these issues and we are not free to disturb these assessments in the absence of a palpable abuse of discretion. As such, despite waiving the issue, Appellant's contention that the verdicts

were against the weight of the evidence is also without merit.  Accordingly, Appellant is not entitled to relief.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  6/11/2018