**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ISAIAH DYKES | : | |
| | : | |
| Appellant | : | No. 1862 EDA 2022 |

Appeal from the Judgment of Sentence Entered July 14, 2022
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0006160-2019

BEFORE: NICHOLS, J., SULLIVAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED JUNE 25, 2024**

Appellant, Isaiah Dykes, appeals from the aggregate judgment of sentence of 20 to 40 years' incarceration imposed by the Court of Common Pleas of Montgomery County following his bench trial convictions of ten counts of robbery, six counts of conspiracy to commit robbery, and one count of carrying a firearm without a license.[1] For the reasons set forth below, we affirm.

Appellant was charged in Montgomery County with twelve counts of robbery, seven counts of conspiracy to commit robbery, one count of carrying a firearm without a license, and multiple counts of possession of an instrument

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3701(a)(1)(ii), 903(a)(1), and 6106(a)(1), respectively.

of crime and theft for armed robberies of commercial establishments in Montgomery County and Philadelphia County that occurred during the period from August 17, 2018 to September 25, 2018. Two of the robberies with which Appellant was charged took place in Montgomery County and ten occurred in Philadelphia. N.T. Trial, 3/21/22, at 43-44, 76-77, 84-85, 90-91, 98-99, 104-05, 108-09, 144-45, 149-50, 156, 164-65, 169, 176.

Yasin Lowman (Co-Defendant) was charged in Montgomery County with fourteen counts of robbery, eight counts of conspiracy to commit robbery, fourteen counts of possession of a firearm by a prohibited person, one count carrying a firearm without a license, and multiple counts of possession of an instrument of crime and theft for armed robberies of commercial establishments in Montgomery County and Philadelphia during the same time period. Four of the robberies with which Co-Defendant was charged took place in Montgomery County and ten were in Philadelphia, and two of the Montgomery County robberies and five of the Philadelphia robberies were the same robberies with which Appellant was charged. N.T. Trial, 3/21/22, at 84-85, 90-91, 98-99, 104-05, 122-23, 144-45, 149-50, 156, 160-61, 171, 173-74, 176, 179-80, 187-88.

The prosecution of the Philadelphia robberies in Montgomery County was pursuant to a **McPhail** [2] agreement by the District Attorney of Philadelphia

---

[2] **Commonwealth v. McPhail**, 692 A.2d 139 (Pa. 1997).

that Montgomery County should prosecute Appellant and Co-Defendant for the Philadelphia robberies with which they were charged. 4/12/19 Letter. On October 15, 2019, the Commonwealth filed a notice of joinder consolidating this case for trial with the case against Co-Defendant. On July 21, 2021, Appellant filed an omnibus pretrial motion asserting, *inter alia*, that venue was not proper in Montgomery County for the counts involving Philadelphia robberies and requesting that the counts arising out of the ten Philadelphia robberies be transferred to Philadelphia County. The trial court held a hearing on January 19, 2022 on Appellant's venue motion and a venue motion filed by Co-Defendant and denied both motions for change of venue on February 11, 2022. Trial Court Order, 2/11/22.

Appellant and Co-Defendant waived their right to a jury trial and a three-day bench trial was held from March 21, 2022 to March 23, 2022. At trial, the Commonwealth withdrew all of the possession of an instrument of crime and theft charges against Appellant and Co-Defendant. N.T. Trial, 3/21/22, at 5-6. In addition, the Commonwealth withdrew one of the robbery counts against Appellant concerning a Philadelphia robbery and withdrew one robbery count concerning a Philadelphia robbery, one conspiracy count, and one possession of a firearm by a prohibited person count against Co-Defendant. N.T. Trial, 3/23/22, at 170; N.T. Trial, 3/21/22, at 5-6. On March 23, 2022, the trial court found Appellant guilty of ten counts of robbery for both of the Montgomery County robberies and eight of the Philadelphia robberies, six

counts of conspiracy to commit robbery, and the carrying a firearm without a license count, and acquitted him of one of the robbery counts involving a Philadelphia robbery and one of the conspiracy counts. N.T. Trial, 3/23/22, at 185-87, 191-93. The trial court found Co-Defendant guilty of nine counts of robbery for the four Montgomery County robberies and five of the Philadelphia robberies, five counts of conspiracy to commit robbery, eight counts of possession of a firearm by a prohibited person, and the carrying a firearm without a license count, and acquitted him of four of the robbery counts, two of the conspiracy counts, and five of the possession of a firearm by a prohibited person counts. *Id.* at 187-91, 193-94.

On June 16, 2022, the trial court imposed an aggregate sentence of 20 to 40 years' incarceration, consisting of consecutive sentences of four to eight years for five of the robbery counts, concurrent sentences of four to eight years for the other five robbery counts and the conspiracy counts, and a concurrent sentence of one to two years for carrying a firearm without a license. N.T. Sentencing at 18-21. Appellant filed a timely motion to modify his sentence to provide credit for time served, and on July 14, 2022, the trial court entered an amended sentencing order modifying the commitment date to provide credit for time served and ordering that in all other respects, Appellant's sentence remained unchanged. Trial Court Order, 7/14/22. This timely appeal followed.

Appellant presents the following single issue for our review in this appeal:

> Did the trial court err by denying the defendant['s] challenge to venue in Montgomery County for ten Philadelphia robberies that were not a "single criminal episode" because they occurred over a two month period, each had a distinct factual basis and sometimes were done alone but other times with a partner.

Appellant's Brief at 2 (unnecessary capitalization omitted). Where a defendant raises a challenge to venue, the burden is on the Commonwealth to prove by a preponderance of the evidence that venue is proper in the county where the charges are to be tried. *Commonwealth v. Gross*, 101 A.3d 28, 33 (Pa. 2014); *Commonwealth v. Callen*, 198 A.3d 1149, 1158 (Pa. Super. 2018). Our review of a trial court's ruling that venue was proper is limited to determining whether the trial court's factual findings are supported by the record and its conclusions of law are free of legal error. *Gross*, 101 A.3d at 33–34; *Commonwealth v. Witmayer*, 144 A.3d 939, 946 (Pa. Super. 2016).

As a general rule, venue in a criminal action properly belongs in the place where the crime was committed. *Gross*, 101 A.3d at 33; *Callen*, 198 A.3d at 1157, 1160; Pa.R.Crim.P. 130(A). An exception to this rule exists "[w]hen charges arising from the same criminal episode occur in more than one judicial district," in which case a criminal proceeding on all the charges may be brought in any of the judicial districts in which charges arising from the same criminal episode occurred. Pa.R.Crim.P. 130(A)(3); *Callen*, 198 A.3d at 1160 (quoting Pa.R.Crim.P. 130(A)(3)); *Witmayer*, 144 A.3d at 946

(quoting Pa.R.Crim.P. 130(A)(3)). For venue to be proper in a single county for offenses that occurred in different counties, it is a condition precedent that the offenses must constitute a single criminal episode. **Callen**, 198 A.3d at 1160; **Witmayer**, 144 A.3d at 946.

Venue in Montgomery County would therefore not be proper with respect to the charges arising out of the Philadelphia robberies unless the Philadelphia robberies were part of the same criminal episode as at least one of the Montgomery County robberies with which Appellant was charged. Criminal charges arise from the same criminal episode where the crimes are logically or temporally related and share common issues of law and fact. **Commonwealth v. Hude**, 458 A.2d 177, 183 (Pa. 1983); **Witmayer**, 144 A.3d at 946. To ascertain

> whether a number of statutory offenses are "logically related" to one another, the court should initially inquire as to whether there is a substantial duplication of factual, and/or legal issues presented by the offenses. The mere fact that the additional statutory offenses involve additional issues of law or fact is not sufficient to create a separate criminal episode since the logical relationship test does not require "an absolute identity of factual backgrounds."
>
> The temporal relationship between criminal acts will be a factor which frequently determines whether the acts are "logically related." However, the definition of a "single criminal episode" should not be limited to acts which are immediately connected in time. "Transaction" is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship.

***Witmayer***, 144 A.3d at 946-47 (quoting ***Commonwealth v. Kohler***, 811 A.2d 1046 (Pa. Super. 2002)).

The mere fact that the crimes are similar and occurred within days or weeks of each other is not sufficient by itself to make them a single criminal episode. ***Commonwealth v. Reid***, 77 A.3d 579, 586 (Pa. 2013) (separate drug transactions were not same criminal episode where different evidence was required to prove defendant's guilt in the separate cases); ***Commonwealth v. Nolan***, 855 A.2d 834, 840-41 (Pa. 2004) (25 thefts of cars from dealerships over 7-month period did not constitute the same criminal episode); ***Commonwealth v. Spotz***, 759 A.2d 1280, 1285-86 (Pa. 2000) (murder was not the same criminal episode as other murders committed over a three-day killing spree where there was additional evidence that defendant was the perpetrator that was unique to that case); ***Commonwealth v. Bracalielly***, 658 A.2d 755, 757-59, 761-62 (Pa. 1995) (multiple separate drug transactions over a period of weeks did not constitute the same criminal episode where the evidence on which defendant's guilt was based included different witnesses in the different cases).

Where, however, the proof of the defendant's guilt with respect to separate similar or temporally connected crimes is based on the credibility of the same evidence or on evidence that is substantially duplicative and intertwined, the crimes are logically related and arise from the same criminal episode. ***Hude***, 458 A.2d at 178, 181-83 (drug transactions on 20 different

days over a 4-month period were same criminal episode where defendant's guilt depended on the credibility of the same witness); *Witmayer*, 144 A.3d at 943, 946-47 (venue proper for charges of sex crimes in another county because they were same criminal episode as crimes in the county against same victim during a multi-year period where charges for crimes in both counties were based on the victim's testimony); *Commonwealth v. Hunter*, 768 A.2d 1136, 1139-41 (Pa. Super. 2001) (venue proper for corrupt organizations charge even though corrupt organizations crime was committed in different county because it arose out of the same criminal episode as murder in county in which case was prosecuted where activities in the crimes "were all entwined").

Here, the robberies with which Appellant was charged were all committed in a similar fashion at small commercial establishments in the same general geographic area over a less than two-month period. N.T. Trial, 3/21/22, at 43-44, 76-77, 84-85, 90-91, 98-99, 104-05, 108-09, 144-45, 149-51, 156, 164-66, 168-69, 176. Moreover, proof of Appellant's guilt with respect to the Philadelphia robberies depended on the same evidence that proved that he committed the Montgomery County robberies. While the robberies in Philadelphia occurred at different commercial establishments than the Montgomery County robberies and the victims in the Philadelphia robberies were different from the Montgomery County victims, the facts concerning the robberies, most of which were captured in video recordings,

were largely undisputed, and none of the victims identified Appellant, Co-Defendant, or any other person as the perpetrator. Instead, Appellant's identity as a perpetrator of the robberies was based on evidence common to robberies in both counties.

The evidence that Appellant committed one of the Montgomery County robberies and six of the Philadelphia robberies was a statement given by Appellant to the FBI in which he admitted committing those seven robberies and identified himself as the person in photographs from the video recordings of those robberies. Trial Court Opinion at 4-7, 13; N.T. Trial, 3/22/22, at 53, 56-59; Commonwealth Exs. 22-23, 25-29; N.T. Trial, 3/23/22, at 157-58. The other evidence identifying Appellant as a perpetrator of the robberies was expert testimony that his DNA and Co-Defendant's DNA were found on a baseball cap and revolver that were discarded in an unsuccessful September 7, 2018 Montgomery County robbery that Co-Defendant committed. N.T. Trial, 3/21/22, at 122-25, 130-43; N.T. Trial, 3/22/22, at 32-38. With respect to the robberies that Appellant did not admit committing, proof that he was a perpetrator consisted of comparison of the admissions and robberies admitted in Appellant's statement and the items on which Appellant's DNA was found with the video recordings of those other robberies. N.T. Trial, 3/21/22, at 43-45, 49-51, 70, 86, 90-93, 98-102, 124; N.T. Trial, 3/23/22, at 167-68, 175-82.

Because the robberies were similar crimes committed relatively close in time and in the same area and the Commonwealth's proof that Appellant committed the robberies depended on evidence common to both the Montgomery County and Philadelphia robberies, the Philadelphia robberies arose from the same criminal episode as the Montgomery County robberies. *Hude*, 458 A.2d at 182-83; *Witmayer*, 144 A.3d at 946-47. The trial court therefore did not err in finding that the Commonwealth satisfied its burden to prove that venue was proper in Montgomery County for the charges arising out of the Philadelphia robberies. Pa.R.Crim.P. 130(A)(3); *Witmayer*, 144 A.3d at 946-47.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/25/2024