J-S10009-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
EVEROL DAVID BRACKETT :
:
Appellant : No. 1053 EDA 2017

Appeal from the Judgment of Sentence February 8, 2017
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0002057-2015,
CP-15-CR-0003027-2015

BEFORE:  BOWES, J., OLSON, J., and NICHOLS, J.

MEMORANDUM BY BOWES, J.:                          **FILED JULY 10, 2018**

Everol David Brackett appeals from the aggregate judgment of

sentence of four to eight years incarceration followed by ten years probation

imposed following his conviction of six counts of institutional sexual assault,

three counts of unlawful contact with a minor, three counts of sexual abuse

of children (child pornography), and one count of corruption of minors.  We

affirm.

We summarize the facts underlying the instant appeal based on our

independent review of the record.[1]  On April 9, 2015, Dan Eichelberger, the

_____

[1] We note with disapproval that Appellant failed to comply with Pa.R.A.P.
2117(a)(4), which required him to include in his appellate brief "[a] closely
condensed chronological statement, in narrative form, of all the facts which
*(Footnote Continued Next Page)*

program director at the Devereux Mapleton Facility ("Devereux") in Chester County, was alerted by a student that her sixteen-year-old roommate, C.K.T., was having a sexual relationship with a facility employee, who had provided C.K.T. with an Apple iPhone so that they could talk and text. As cell phones were prohibited at the facility, Mr. Eichelberger located and confiscated C.K.T.'s phone. He thereafter contacted police regarding a possible sexual relationship between C.K.T. and Appellant, a forty-two-year-old employee at the facility. Mr. Eichelberger turned over to police C.K.T.'s cell phone, and indicated that sexually explicit texts and naked images of C.K.T. had been exchanged with the telephone number listed as (267) 357-9916, which Mr. Eichelberger identified as belonging to Appellant. That number was labeled in C.K.T.'s cell phone as "Ebd." Mr. Eichelberger also identified Appellant as the individual in photographs sent to C.K.T. from that telephone number.

The police executed a search warrant for C.K.T.'s cell phone, and discovered texts between C.K.T. and "Ebd" which indicated that they were in a romantic relationship, as well as naked images of C.K.T. sent to "Ebd" and photographs of Appellant sent by "Ebd" to C.K.T.. C.K.T. confirmed that she

_(Footnote Continued)_ ————————————————

are necessary to be known in order to determine the points in controversy, with an appropriate reference in each instance to the place in the record where the evidence substantiating the fact relied on may be found." Appellant's brief is devoid of any statement of the facts underlying his convictions with appropriate references to the record.

sent texts and naked photos of herself to Appellant, and that Appellant knew that she was under the age of eighteen. C.K.T. further confirmed that, in March of 2015, Appellant had digitally penetrated her genitals in a van owned by Devereux on the grounds of the facility. This incident is mentioned in a March 30, 2015 text exchange between C.K.T. and "Ebd." *See* Affidavit of Probable Cause, 4/14/ 15, at 2-3.

Also on April 9, 2015, Appellant was contacted by C.K.T. (from another phone) to advise him that her cell phone had been found by Devereux. On that same date, Appellant was placed on administrative suspension by Devereux. Between April 9, 2015, and April 12, 2015, Appellant conducted several internet searches on his cell phone for, *inter alia*, attorneys, criminal defense attorneys, sex crimes attorneys and legislation regarding sex crimes. *See* Trial Court Opinion, 6/16/17, at 17.

On April 14, 2015, Appellant was arrested and police found on his person a Samsung cell phone. When police dialed (267) 357-9916, the number for "Edb" that had been communicating with C.K.T., Appellant's Samsung cell phone rang, indicating that this was the cell phone that was used to communicate with C.K.T. *See* Affidavit of Probable Cause, 4/14/15, at 2-3. The police obtained a warrant to search the Samsung cell phone.

Two months later, C.K.T. contacted police to report that additional sexual encounters with Appellant had taken place in her bedroom at the facility. She reported that they had sexual intercourse on one occasion, and,

- 3 -

on at least five different occasions, Appellant performed other sexual acts on her, including digital penetration and oral sex. Affidavit of Probable Cause, 7/10/15, at 1.

On September 14, 2016, a jury convicted Appellant of the above-described crimes. On February 8, 2017, the trial court sentenced Appellant to an aggregate term of four to eight years incarceration followed by ten years probation. Appellant filed a post-sentence motion, which the trial court denied. Appellant thereafter filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court then issued its Pa.R.A.P. 1925(a) Opinion.

Appellant raises the following claims for our review:

I.     Was evidence of institutional sexual assault insufficient for a verdict of guilty?

II.    Was the judge's admission of evidence that Appellant's search on the internet seeking an attorney after complainant contacted him regarding the confiscation of her cell phone a violation of his right to due process, a violation of his right to seek counsel, and an abuse of discretion as more prejudicial than probative in labeling his exercise of constitutional rights a "consciousness of guilt[?]"

III.   Was it an abuse of discretion and/or error of law for the trial judge to refuse to allow new counsel at sentencing, a continuance to acquire the trial notes of testimony and ultimately a violation of Appellant's right to due process[?]

IV.    Pursuant to Pa.R.A.P. 2119, was Appellant's sentence excessively harsh and contrary to the fundamental norms which underlie the sentencing process?

Appellant's brief at 8 (unnecessary capitalization omitted).

In his first issue, Appellant challenges the sufficiency of the evidence supporting his convictions of institutional sexual assault. Our standard of review of sufficiency claims is well-settled:

> we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. [T]he facts and circumstances established by the Commonwealth need not be absolutely incompatible with the defendant's innocence. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

***Commonwealth v. Franklin***, 69 A.3d 719, 722 (Pa.Super. 2013) (citations and quotation marks omitted).

The crime of institutional sexual assault of a minor is defined by statute as follows:

> A person who is an employee or agent of the Department of Corrections or a county correctional authority, youth development center, youth forestry camp, state or county juvenile detention facility, other licensed residential facility serving children and youth or a mental health or a mental retardation facility or institution commits a felony of the third degree when that person engages in sexual intercourse, deviate sexual intercourse or indecent contact with an inmate, detainee, patient or resident who is under 18 years of age.

18 Pa.C.S. § 3124.2(a.1)

Appellant contends that, to prove a claim of institutional sexual assault, the Commonwealth was required to prove that Devereux was a

"licensed residential facility serving children and youth." According to Appellant, the evidence supporting his convictions was insufficient because the Commonwealth failed to prove that the facility is licensed. Appellant's brief at 10-12.

Appellant's first claim is meritless. Although the record is silent as to whether Devereux is a licensed facility, the application of section 3124.2 application is not limited to "licensed residential facility serving children and youth." Rather, the statute applies to a broad range of non-licensed facilities, including "a mental health or a mental retardation facility." *Id*. Notably, at the inception of his employment at Devereux, Appellant signed a statement confirming his understanding that Devereux is a mental health facility, and that sexual abuse of its residents would be inappropriate:

> Devereux Pennsylvania is dedicated to the care, treatment and rehabilitation of Individuals with Mental Health, Developmental Disibilies & Physical Disabilities. As such, it supports the philosophy that emotional or physical abuse/neglect, sexual abuse, or harassment . . . are never appropriate while working with individuals we serve.

Commonwealth Trial Exhibit 11 (Devereux Pennsylvania Client Abuse Statement), 7/24/12, at unnumbered 1. As Devereux was, at a minimum, a mental health facility, it fell within the purview of section 3124.2, regardless of whether it was licensed. Accordingly, Appellant's first claim warrants no relief.

In his second claim, Appellant contends that the trial court erred by admitting evidence, over his objection, of the on-line searches he conducted

after he became aware that he was the subject of a police investigation.[2] Specifically, the Commonwealth introduced Appellant's internet searches for "sex crimes lawyers," "corruption of minors lawyer," and "criminal defense lawyers." N.T. Trial, 9/14/16, at 99, 101. Appellant argues that the admission of his internet searches violated his rights to due process and to counsel, and constituted an abuse of discretion.

Our standard of review is well-settled:

The admission of evidence is solely within the discretion of the trial court, and a trial court's evidentiary rulings will be reversed on appeal only upon an abuse of that discretion. An abuse of discretion will not be found based on a mere error of judgment, but rather occurs where the court has reached a conclusion that overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Witmayer*, 144 A.3d 939, 949 (Pa.Super. 2016) (citation omitted).

Here, the trial court rejected Appellant's evidentiary claim, explaining as follows:

Exhibit C-27 shows the internet searches Appellant made on his Samsung cell phone from April 9, 2015, through April 12, 2015. Exhibit C-27 was admitted by the court over Appellant's objection. The web searches to which Appellant objected ranged from general searches for attorneys in the Philadelphia area, to criminal defense attorneys, to sex crimes attorneys in Chester

---

[2] Appellant does not claim that the search of his Samsung phone or the retrieval of his search history data was illegal or that the data was inadmissible; rather, he challenges only the prejudicial impact of their admission.

County, to legislation, and then particular legislation regarding sex crimes. (Exhibit C-27). Appellant submits that the admission of Exhibit C-27 violated [his] right to due process and his right to seek an attorney, as well as his right to investigate possible future criminal charges. We disagree.

We find the searches themselves are not protected by any privilege or special right to privacy. Thus, the only questions to be answered are (1) whether Appellant's web searches are relevant (Pa.R.E. 401)[;] and (2) whether the probative value outweighs the prejudicial impact on Appellant. (Pa.R.E. 402, 403). Relevant evidence can be excluded only when its probative value is substantially outweighed by the danger of unfair prejudice.

We found that Exhibit C-27 was relevant. We determined that the time period the searches were made, from April 9 to April 12, 2015, was significant. It was on April 9, 2015[,] that the unauthorized mobile [iP]hone in [C.K.T.'s] possession was found by Devereux and that Appellant was informed he was being placed on administrative suspension. [C.K.T.] also testified that she called Appellant from another phone the day her i[P]hone was confiscated. Appellant was taken into custody on April 14, 2015. As a result, Exhibit C-27 makes two facts more probable: (1) that [A]ppellant] knew evidence of his inappropriate contact with [C.K.T.] was recorded on the phone found in [C.K.T.'s] room[;] and (2) that he knew his contact was not only inappropriate, but very possible criminal. These facts go to [Appellant's *mens rea* which is of consequence in determining [his] guilt. (Pa.R.E. 401).

We next examined whether the probative value of Exhibit C-27 was substantially outweighed by unfair prejudice against Appellant. Appellant did not claim Exhibit C-27 confused the issues, misled the jury, caused undue delay, wasted time, or needlessly presented cumulative evidence. As a result, any objection on these grounds is waived. (***Commonwealth v. Duffy***, 832 A.2d 1132 (Pa.Super. 2003)[)]; (Pa.R.E. 401).

All evidence has the potential to be prejudicial. The court is not required to "sanitize a trial to eliminate all unpleasant facts from the jury's consideration where those facts are relevant to the issues at hand and form a part of the history and natural development of the events and offenses for which the defendant is charged." ***Commonwealth v. Page***, 965 A.2d 1212, 1220

(Pa.Super. 2009), (*citing* **Commonwealth v. Dillon**, 925 A.2d 131, 141 (Pa. 2007)).

> The central issue raised by Appellant is the prejudicial nature of the web searches that focused on how to obtain legal representation in the defense of charges related to sexual crimes against a minor. We considered the fact that searching for an attorney and seeking info[rmation] relating to the elements of a sex crime . . . against the probative value of the evidence of Appellant's internet activity. We found that the probative value was twofold: (1) the searches began on the same day [C.K.T.'s] phone, a gift from Appellant, was found by Devereux; and (2) the context of the web searches relate to [Appellant's] concerns regarding his sexual contact with [C.K.T.]. As a result, the web searches do not suggest to the jury a specific decision on an improper basis or divert the jury's attention away from its duty of weighing the evidence impartially. Therefore, we found the probative value of Exhibit C-27 outweighed any prejudice against Appellant and continue to find no error in admitting Exhibit C-27.

Trial Court Opinion, 6/16/17, at 17-19 (some citations and footnotes omitted).

Upon review, we agree with the trial court that the cellular evidence provided insight as to Appellant's state of mind in the hours and days following his initial notification from C.K.T. that the cell phone Appellant had provided to her had been confiscated by Devereux. The jury could reasonably infer from the content of the cellular evidence that Appellant was concerned about inculpatory evidence being recovered from C.K.T.'s cell phone, *i.e.*, text messages exchanged between them indicating a romantic relationship, and the naked images of C.K.T. that she sent to Appellant. Nor was the cellular evidence merely cumulative; it provided the jury with a temporal and physical nexus between the initial notification to Appellant that C.K.T.'s cell phone had been confiscated and Appellant's knowledge of the

incriminating materials that would be discovered on her phone, prompting the internet searches. As we discern no manifest unreasonableness, partiality, prejudice, bias, or ill-will, overriding or misapplication of the law, or such lack of support for the trial court's ruling so as to be clearly erroneous, we conclude that the trial court did not abuse its discretion in admitting the evidence. *See Witmayer*, *supra*.

In his third claim of error, Appellant contends that the trial court erred in denying his requests for a second continuance of the sentencing hearing.[3] According to Appellant, he requested the second continuance because his counsel had asked Appellant's family to help counsel pay the sum of $1,800 for the trial notes of testimony. Appellant adds that his new counsel, who did not attend the jury trial, needed additional time to pay for and review the trial transcripts in order to prepare for the sentencing hearing. Appellant argues that the trial court abused its discretion in denying a second continuance because his new counsel did not review the trial transcripts prior to the sentencing hearing. Appellant's brief at 19.

Our standard of review is well-established:

> The grant or denial of a motion for a continuance is within the sound discretion of the trial court and will be reversed only upon a showing of an abuse of discretion. An abuse of discretion

---

[3] The trial court granted Appellant's first request for a continuance of the sentencing hearing, due to Appellant's retention of new counsel following the jury trial, and rescheduled the initial sentencing hearing from December 19, 2016, to February 8, 2017.

is not merely an error of judgment; rather discretion is abused when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record. Moreover, a bald allegation of an insufficient amount of time to prepare will not provide a basis for reversal of the denial of a continuance motion. An appellant must be able to show specifically in what manner he was unable to prepare for his defense or how he would have prepared differently had he been given more time. We will not reverse a denial of a motion for continuance in the absence of prejudice.

***Commonwealth v. Antidormi***, 84 A.3d 736, 745-46 (Pa.Super. 2014) (internal citations, quotation marks, and brackets omitted). In reviewing a denial of a continuance, the appellate court must have regard for the orderly administration of justice, as well as the right of the defendant to have adequate time to prepare a defense. ***Commonwealth v. Hansley***, 24 A.3d 410, 418 (Pa.Super. 2011).

Our review indicates that trial commenced on September 12, 2016, and concluded on September 14, 2016. Sentencing was scheduled for December 19, 2016. On December 13, 2016, the trial court was contacted by Appellant's new counsel, who indicated that he had just been retained and requested a continuance of the sentencing hearing. ***See*** Trial Court Opinion, 6/16/17, at 22. The trial court acquiesced, and granted a two-month continuance, rescheduling the sentencing hearing to February 8, 2017. On February 1, 2017, and again on February 4, 2017, Appellant's counsel submitted written requests for a continuance of the sentencing hearing, citing delays in securing the funds to obtain the notes of testimony.

- 11 -

*Id*.  At the sentencing hearing, counsel orally requested a continuance.  *Id*.

The trial court denied all such requests, reasoning as follows:

> [Appellant's counsel] admitted to the court that although he did not have the notes of testimony to review, he did have all of the discovery and had thoroughly reviewed all the evidence. . . . .
>
> Appellant does not have a right to re-litigate the evidence presented at trial.  The case, as accepted by the jury to be proven beyond a reasonable doubt, was straightforward; a child in the case of a . . . mental health facility employing Appellant was sexually assaulted by Appellant on multiple occasions. Appellant did not testify or present evidence at trial.  Thus, there is very little information in the notes of testimony which would impact Appellant's sentence regarding Appellant's character, rehabilitation, or other factors to be considered at sentencing. Additionally, the court was in receipt of numerous character letters and a Pre-sentence Investigation Report.  We saw no reason to further delay sentencing to allow for the transcription of the trial notes of testimony.  Further, at the time of the sentencing hearing, Appellant presented character witnesses and his own statement for the court's consideration.  We find it was not an abuse of discretion to proceed with the sentencing hearing after having the matter delayed for almost 5 months.

Trial Court Opinion, 6/16/17, at 23 (footnote omitted).

We discern no abuse of discretion. Upon new counsel's request, the trial court granted a two-month continuance of the sentencing hearing. Appellant does not claim that the two-month continuance was an insufficient time in which his new counsel could have obtained and reviewed the trial notes of testimony.  Further, although Appellant's new counsel received the trial notes of testimony two weeks after the sentencing hearing, Appellant's brief is devoid of any assertion that specific information in the trial notes of testimony, if known to his new counsel, could have been used at sentencing.

As noted above, Appellant must show specifically in what manner his new counsel was unable to prepare for the sentencing hearing or how counsel would have prepared differently had he been given more time to review the trial notes of testimony. *See Antidormi*, *supra*. Having failed to articulate how he was prejudiced, Appellant's third claim of error amounts to a "bald allegation" of insufficient time to prepare. *Id*. Accordingly, it merits no relief.

In his final claim, Appellant contends that his sentence his harsh and excessive "in light of the number of people in the community [who] came to testify on his behalf and a lifetime of achievements and years without any arrests" and because he "is a minister with a prior record score of '0.'" Appellant's brief at 22.[4]

Appellant challenges the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa.Super. 2010). Prior to reaching the merits of a discretionary sentencing issue, this Court conducts

---

[4] Appellant also claims that his sentence is excessive in comparison to the sentence imposed after another Devereux employee was convicted of similar charges in 2012. However, Appellant failed to preserve this argument in his post-sentence motion or at sentencing. Therefore, it is waived. *See Commonwealth v. Oree*, 911 A.2d 169, 172-73 (Pa.Super. 2006) (explaining that challenges to the discretionary aspects of sentencing must be raised in a post-sentence motion or during sentencing proceedings, and that absent such efforts, such claims are waived.).

a four[-]part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [*see*] 42 Pa.C.S. § 9781(b).

*Moury*, *supra* at 170 (citation omitted).

When an appellant challenges the discretionary aspects of his sentence, we must consider his brief on this issue as a petition for permission to appeal. *Commonwealth v. Dawson*, 132 A.3d 996, 1005 (Pa.Super. 2015); *see also*; 42 Pa.C.S. § 9781(b).

In the instant case, Appellant filed a timely notice of appeal and preserved his claims in a timely post-sentence motion. However, he did not include in his appellate brief a separate Pa.R.A.P. 2119(f) statement.[5] An appellant who seeks to challenge the discretionary aspects of the sentence imposed must provide a separate statement, pursuant to Rule of Appellate Procedure 2119(f), specifying where the sentence falls in relation to the Sentencing Guidelines and what particular provision of the Sentencing Code has been violated. *Commonwealth v. Pollard*, 832 A.2d 517, 525

---

[5] Rule 2119(f) provides, in relevant part: "An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth **in a separate section of the brief** a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." Pa.R.A.P. 2119(f) (emphasis added).

(Pa.Super. 2003). Similarly, the Rule 2119(f) statement must specify what fundamental norm the sentence violates and the manner in which it violates that norm. *Id*. If the Commonwealth objects to a 2119(f) omission, this Court is precluded from reviewing the merits of the claim and the appeal must be denied. *See Commonwealth v. Kiesel*, 854 A.2d 530, 533 (Pa.Super. 2004). As Appellant failed to include in his brief a separate Rule 2119(f) statement and the Commonwealth has objected, we are precluded from reviewing his discretionary sentencing claim.[6, 7]

_____

[6] Even if Appellant had preserved the issue for our review by complying with Rule 2119(f), we would have concluded that he failed to advance a colorable argument that the trial judge's actions were: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. *See Pollard*, *supra*. Appellant does not identify which of the twelve sentences imposed he is challenging. Nor does he allege that any of his sentences are in the aggravated range of the sentencing guidelines, or outside of the statutory maximum sentence. He also fails to point to any specific provision of the Sentencing Code that the trial court ostensibly violated in imposing the sentences. Accordingly, the arguments included in his brief do not raise a substantial question. *See Commonwealth v. Lewis*, 911 A.2d 558, 567 (Pa.Super. 2006) (holding that an allegation that a sentencing court failed to consider or did not adequately consider certain mitigating factors does not raise a substantial question that the sentence was inappropriate. Finally, the trial court had the benefit of a pre-sentence investigation report ("PSI"). *See Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa.Super. 2009) (holding that, where a sentencing court is informed by a PSI, "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed.").

[7] Although not raised or addressed by Appellant, the trial court noted in its Pa.R.A.P. 1925(a) opinion a disparity between the instructions provided to the jury and the verdict slip. In short, Appellant was charged with three

*(Footnote Continued Next Page)*

- 15 -

Judgment of sentence affirmed.

_(Footnote Continued)_ ————————————

counts of unlawful contact with minor. The criminal informations indicated that the Commonwealth would proceed under 18 Pa.C.S. § 6318(a)(1), and that the three counts of unlawful contact with minor would be supported by an underlying sexual offense conviction under Chapter 31; specifically, institutional sexual assault under 18 Pa.C.S. § 3124.2(a.1). Prior to instructing the jury, the trial court was orally advised by the Commonwealth that it intended to proceed under 18 Pa.C.S. § 6318(a)(5), and support the three counts of unlawful contact with minor with three counts of sexual abuse of children under 18 Pa.C.S. § 6312(d), which were also included in the criminal informations.

The jury was charged according to the Commonwealth's indicated change in strategy. Appellant lodged no objection to the jury instructions. Notwithstanding, the verdict slip was not amended to reflect the change, and mirrored the criminal informations. As the verdict slip was consistent with the criminal informations, and the three convictions of unlawful contact with minor were properly supported by three convictions of institutional sexual assault, we find no defect in Appellant's convictions for unlawful contact with minor.

Nevertheless, the trial court purports to raise a non-waivable illegality of sentence concern because its jury instructions regarding the unlawful contact with minor counts were inconsistent with the criminal informations and the verdict slip insofar as they advised the jury that the three counts of unlawful contact with minor would be supported by the three counts of sexual abuse of children. This does not implicate the legality of the sentence imposed on Appellant's proper convictions. Rather, it implicates a waivable challenge to jury instructions. However, as Appellant failed to object to the jury instructions, any claim of defect was not preserved for our review. *See* Pa.R.A.P. 302 ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal."); *see also Commonwealth v. Olsen*, 82 A.3d 1041, 1050 (Pa.Super. 2013) ("A specific and timely objection must be made to preserve a challenge to a particular jury instruction. Failure to do so results in waiver.").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/10/18