J-S25021-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARCO ANTONIO MARTINEZ-GARCIA | : | |
| | : | |
| Appellant | : | No. 2586 EDA 2024 |

Appeal from the Judgment of Sentence Entered July 29, 2024
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0000822-2021

BEFORE: PANELLA, P.J.E., DUBOW, J., and BENDER, P.J.E.

MEMORANDUM BY DUBOW, J.:                    **FILED AUGUST 11, 2025**

Appellant Marco Antonio Martinez-Garcia appeals from the Judgment of

Sentence entered by the Chester County Court of Common Pleas after the trial

court found him guilty of three counts of Rape of a Child, three counts of

Involuntary Deviate Sexual Intercourse ("IDSI"), and related offenses.

Appellant's counsel, Maria Heller, Esq., has filed an ***Anders***/***Santiago***[1] brief

and a motion to withdraw as counsel.  After careful review, we affirm the

Judgment of Sentence and grant counsel's motion to withdraw.

We glean the relevant factual and procedural history from the certified

record. In 2020, A.L., Appellant's then eleven-year-old son, told his mother

that beginning when he was four years old, Appellant had repeatedly raped

---

[1] ***Anders v. California***, 386 U.S. 783 (1981); ***Commonwealth v. Santiago***,
978 A.2d 349 (Pa. 2009).

him anally and orally at both their home in Chester County and at A.L.'s grandmother's house in York County. Following an investigation, the Commonwealth charged Appellant in Chester County with multiple counts of sexually abusing A.L. over a six-year period. The charges encompassed crimes committed in both counties

On September 11, 2023, just before the bench trial started, Appellant's counsel filed a "motion to remove" the offenses alleged to have occurred in York County "because of improper venue." N.T., 9/11/24, at 3. In support, counsel argued that because the offenses occurred over a number of years, "[t]hey are not temporally related" and were "not a part of the same criminal episode." *Id*. at 3-4. Following argument, the court denied the motion.

Trial commenced with testimony from, *inter alia*, A.L.'s mother, A.L., A.L.'s brother, and a Pennsylvania State Police investigator. A.L.'s mother testified regarding, *inter alia*, her relationship with Appellant and her children, and about how difficult it was for A.L. to finally tell her about the abuse.

A.L. testified regarding the various locations where the abuse occurred, providing graphic details of some of the rapes and the other sexual offenses, and emphasizing that Appellant's abuse occurred several times weekly since he was four years old, sometimes in the shower while his three siblings dried off outside the shower. He stated that when he was 9 years old, he, his mother, and his siblings moved to Brooklyn, New York, and he and his siblings then had weekend visits with Appellant in York County where the abuse continued. He also testified that from the time the abuse began, Appellant

made him promise not to tell anyone about it, which was why it was so difficult to tell his mother about it over the years.

A.L.'s brother corroborated portions of A.L.'s testimony. A child forensic interviewer testified regarding her interview with A.L. following his report of the abuse, and the Commonwealth played the recorded interview for the court.

On September 12, 2023, the court found Appellant guilty of three counts of Rape, three counts of IDSI, and one count each of Indecent Assault, Endangering the Welfare of a Child, and Corruption of Minors.[2] The court deferred sentencing and ordered a pre-sentence investigation report and an evaluation from the Sexual Offenders Assessment Board ("SOAB") to determine whether he met the criteria of a sexually violent predator ("SVP").

On July 29, 2024, the court sentenced Appellant to an aggregate of thirty-one to sixty-two years' incarceration[3] and Appellant did not challenge the SOAB's report that he was a SVP.

---

[2] 18 Pa.C.S. §§ 3121(c), 3123(b), 3126(a)(7), 4304(a)(1), and 6301(a)(1)(ii).

[3] The court sentenced Appellant as follows: (1) ten to twenty years' incarceration on each of the three Rape convictions, with the first two sentences to run consecutively and the third sentence to run concurrently with the second Rape sentence; (2) three terms of ten to twenty years for the IDSI convictions, with one IDSI sentence to run consecutively to the second Rape sentence and the other two IDSI sentences to run concurrently with the first IDSI sentence; (3) and 1 to 2 years for the EWOC conviction to run consecutive to the IDSI sentences. The convictions for Indecent Assault and Corruption of Minors merged with the Rape convictions for purposes of sentencing.

Appellant timely filed a motion to modify or reduce his sentence but at the August 26, 2024 hearing on the motion, counsel informed the court that after further discussion with Appellant, Appellant wished only to have the court affirm his sentence.

Appellant filed a notice of appeal. The court ordered Appellant to file a Pa.R.A.P. 1925(b) Statement; Attorney Heller responded with a Rule 1925(c)(4) Statement indicating that she intended to file an **Anders** brief. The court filed a Rule 1925(a) Opinion setting forth the procedural history before concluding that it "finds no issues which would entitle Appellant to relief." Opinion, 2/27/25.

Counsel filed her **Anders** brief and a motion to withdraw her representation. In the brief, counsel raised one issue: "Did the trial court abuse its discretion allowing [sic] York County offenses to proceed to trial in Chester County?" **Anders** Br. at 8.

As a preliminary matter, we address Attorney Heller's request to withdraw. "When presented with an **Anders** Brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa. Super. 2010) (citation omitted). For counsel to withdraw from an appeal pursuant to **Anders**, our Supreme Court has determined that counsel must meet the following requirements:

(1) provide a summary of the procedural history and facts, with citations to the record;

- 4 -

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).

Attorney Heller has complied with the mandated procedure for withdrawing as counsel. Additionally, she confirms that she sent Appellant a copy of the ***Anders*** Brief and Petition to Withdraw, as well as a letter explaining to Appellant that he has the right to retain new counsel, proceed *pro se*, or raise any additional points. ***See Commonwealth v. Millisock***, 873 A.2d 748, 751 (Pa. Super. 2005) (describing notice requirements). Appellant has not responded to counsel's ***Anders*** brief or her motion to withdraw.

Because counsel has satisfied the above requirements, we will first address the substantive issue raised in the ***Anders*** Brief. Subsequently, we must "conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

As articulated by counsel, Appellant is challenging the denial of his motion to remove the York County offenses from the Chester County prosecution, contending that York County was the more appropriate venue for

- 5 -

the offenses that occurred when A.L. was between the ages of nine and ten years old. *See Anders* Br. at 12-14. The brief asserts that "it could be argued that the incidents here were not logically or temporally related because the allegations spanned years and were alleged to have occurred in different locations." *Id*. at 15. "The crux of the analysis in this case is whether the multiple Chester County and York County incidents constitute a single criminal episode as outlined in Pa.R.Crim.P. 103 [sic] and interpreted by the courts." *Id*.

We review challenges to venue determinations to ascertain whether the trial court's factual findings are supported by the record and its conclusions of law are free of legal error. *Commonwealth v. Witmayer*, 144 A.3d 939, 946 (Pa. Super. 2016).

Pa.R.Crim.P. 130, pertaining to venue, provides that "[w]hen charges arising from the same criminal episode occur in more than one judicial district, the criminal proceeding on all the charges may be brought before one issuing authority in a magisterial district within any of the judicial districts in which the charges arising from the same criminal episode occurred." Pa.R.Crim.P. 130(A)(3). Thus, "a condition precedent to the exercise by a single county to jurisdiction in a case involving multiple offenses in various counties is[ ]the offense must constitute a single criminal episode." *Witmayer*, 144 A.3d at 946 (citations omitted).

"If a number of charges are logically or temporally related and share common issues of law and fact, a single criminal episode exists." *Id*. (citation

- 6 -

omitted). Thus, "the definition of a 'single criminal episode' should not be limited to acts which are immediately connected in time. 'Transaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Id*. (quoting ***Commonwealth v. Kohler***, 811 A.2d 1046, 1049-50 (Pa. Super. 2002) (citation omitted).

In ***Witmayer***, ***supra***, the appellant sexually abused a child in both Montgomery and Chester Counties, beginning when the child was very young and continuing into the child's teenage years. The Commonwealth charged the appellant in Montgomery County and three days later sought to amend its criminal information to include the phrase "County of Chester" that had been mistakenly omitted. *Id*. at 947. After hearing argument, the court granted the motion to amend, concluding that the crimes that occurred in Chester County were part of the same criminal episode that occurred in Montgomery County. On appeal, this Court found no error in the trial court's reasoning that the incidents of sexual abuse that occurred over several years were "logically and temporally related" and, therefore, we concluded that the court did not err in allowing the amendment to the information.

The trial court in the instant case concluded that the alleged incidents of Appellant's abuse of A.L. were "logically and temporally . . . related and it's an ongoing continuous course of conduct and that the allegations as to what happened in Chester County are substantially the same as the allegations that happened in York County."  N.T., 9/11/23, at 5.

Applying the reasoning of **Witmayer**, and based on our review of the record, we find no error in the court's conclusion that Appellant's sexual abuse of A.L. that occurred in two different counties over a period of six years comprised a single criminal episode so as to satisfy the requirements of Rule 130. Accordingly, we agree with counsel that this issue is frivolous.

Following our independent review of the record, we discern no issues of arguable merit to be raised on appeal. **Dempster**, 187 A.3d at 272. We, thus, affirm the judgment of sentence and grant counsel's motion to withdraw.

Judgment of Sentence affirmed. Motion to Withdraw granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/11/2025